PER CURIAM.
These matters are before the Court on a Complaint by The Florida Bar (Case No. 68,073) and respondent’s Petition for Resignation from The Florida Bar pursuant to Rule 11.08 of the Integration Rule of The Florida Bar (Case No. 68,312).
The Petition for Resignation states as follows:
1. [Respondent], John M. Downing, Jr. is presently a member of The Florida Bar and has been a member since approximately 1973.
2. [Respondent], has worked continuously as a lawyer since his admission, first for approximately three years for a medium sized Ft. Lauderdale law firm, then for approximately three years as general counsel for a large Ft. Lauder-dale construction company, then [respondent] opened a sole practitioner law office in Ft. Lauderdale.
3. During the past two years [respondent] has had to make numerous extended trips to Savannah, Georgia to care for his father and mother who have been disabled by sickness. Because of this situation and because [respondent] has been a sole practitioner it became increasingly difficult for [respondent] to service his ongoing clients. Since early 1985 [respondent] did not take any new cases and has attempted to properly close out the remaining cases he had pending. For approximately one year previous to this date [respondent] has had no office or office telephone in Florida because he has had to spend most of his time in Savannah caring for his parents.
4. The Florida Bar office in Fort Lauderdale has been kept informed of the fact that [respondent] had closed his practice. Two of the last cases that [respondent] was attempting to close out during 1985 resulted in Bar complaints by the two clients in small divorce cases because of lack of contact and progress regarding the two cases. [Respondent] consented to a three month suspension regarding these two cases and this matter is presently pending before the Supreme Court.
5. [Respondent] is not aware of whether any further Bar complaints will be filed in the future from clients he had *1068 when he was running his office previously. Should there be any Bar complaints in the future [respondent] would be unable to respond in a proper fashion as [respondent] lives in Savannah, Georgia presently to care for his parents who are both completely disabled because of cancer and strokes. [Respondent] has no present or expected means of income in the near future and does not have the funds to pay for the costs of the disciplinary action referred to above.
6. Because of this situation [respondent] desires to resign from The Florida Bar pursuant to Rule 11.08.
7. There have been no convictions for any criminal offense pending or previous except for routine traffic offenses and no other criminal proceeding is pending or anticipated. Because [respondent] has had no telephone or office in Florida he is not aware of the status of any other Bar complaints that would or could be pending although The Florida Bar in Fort Lauderdale should be aware of all previous or pending actions of which the suspension mentioned above is the most recent.
8. [Respondent] does not believe that the public interest will be adversely affected by the granting of the Petition and will not hinder the administration of justice.
9. [Respondent] understands that any future consideration of the status of [respondent] before The Florida Bar should this Petition be granted will require the full payment of all costs, refunds, penalties, etc. previously assessed or to be assessed because of disciplinary actions by the Bar.
10. [Respondent] requests that should this Petition be granted it would be with leave to apply for readmission after three years and any further conditions imposed.
The Florida Bar having now filed its response supporting the Petition for Resignation and the Court having reviewed the same and determined that the requirements of Rule 11.08(3) are fully satisfied, the Petition for Leave to Resign is hereby approved and respondent’s resignation is effective immediately.
Respondent shall refund legal fees to Gary McElrath in the amount of $285.00 and to Jeffrey L. Picklesimer in the amount of $500.00.
Judgment for costs in the amount of $653.40 is hereby entered against respondent, for which sum let execution issue.
The complaint filed by The Florida Bar in Case No. 68,073 is hereby dismissed pursuant to article XI, Rule 11.08(5) of the Integration Rule of The Florida Bar.
It is so ordered.
ADKINS, Acting C.J., and OVERTON, McDonald, EHRLICH, SHAW and BARKETT, JJ., concur.